POLUSE, Appellant,

v.

CITY OF YOUNGSTOWN et al., Appellees.

[Cite as *Poluse v. Youngstown* (1999), 135 Ohio App.3d 720.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98 C.A. 84.

Decided Dec. 17, 1999.

*E. Winther McCroom,* for appellant.

*Edwin Romero* and *Martha L. Bushey,* for appellees.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Mario Poluse, appeals a decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendants-appellees, the city of Youngstown, Patrick J. Ungaro, mayor of the city of Youngstown, Richard A. Marsico, deputy director of the Department of Public Works, and Lawrence P. Gurlea, supervisor of the city's waste water treatment plant, on appellant's claims that appellees violated Ohio's Whistleblower Statute.

Appellant is a computer room operator employed by the city of Youngstown's wastewater treatment plant ("WWTP"). In January 1992, appellant began attending advanced training classes. Based on his newly acquired training, appellant observed what he believed to be major safety and health violations taking place at the WWTP.

These violations allegedly included the dumping of raw sewage into the Mahoning River and the city's water supply, numerous unattended and missing manhole covers, broken overflow pipes that enabled continuous contamination of the water supply, and the dumping of fish, snakes, and snapping turtles into the WWTP's operations. Further investigation by appellant allegedly revealed the complete absence of routine maintenance in major portions of the WWTP, resulting in plugged sanitary lines that in turn caused sewage to back up and overflow.

In June 1992, a news reporter from a local television station interviewed appellant concerning his observations. The information provided by appellant became the subject of a series of news broadcasts aired in the Youngstown area.

Appellant maintains that appellees began a "campaign of retaliatory action" against him in response to the news broadcasts. Appellant states that he has been subjected to a continued pattern of harassment, including disciplinary action and suspension. He states that he has lost wages and has been denied promotions, transfers, and reassignments.

The record reflects that appellant was disciplined on numerous occasions for a variety of infractions. The disciplinary action that culminated in this action occurred on August 10, 1995, when appellees sought to suspend appellant for five days for rule violations and insubordination. On September 14, 1995, appellant brought this action under Ohio's Whistleblower Statute. He claims that all of the disciplinary actions taken by appellees subsequent to the television news broadcasts were in retaliation for appellant's giving the interviews. Appellant sought to temporarily and permanently enjoin appellees from harassing, disciplining, or suspending him. He also sought to prevent appellees from reducing his pay or other benefits, transferring or reassigning him, and denying him a promotion. Appellant sought $550,000 in compensatory damages and $550,000 in punitive damages.

Initially, the trial court granted appellant a temporary restraining order against enforcement of the five-day suspension. However, on September 21, 1995, the court dissolved the order. The parties proceeded to discovery, which culminated in a joint stipulation of facts. The parties then filed cross-motions for summary judgment. On May 22, 1996, Judge Gerchak overruled both motions. Subsequently, Judge Durkin replaced Judge Gerchak, who resigned his position.

After unsuccessful attempts to settle the case, appellees filed a motion with the court on January 20, 1998, to reconsider their summary judgment motion. On March 19, 1998, Judge Durkin granted appellees' motion for summary judgment. This appeal followed.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 244–245. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1976), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(C).

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." (Emphasis *sic.*) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

"If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher, supra,* at 293, 662 N.E.2d at 274.

## II. LAW OF THE CASE

■ Appellant argues that the trial court erred by disregarding Judge Gerchak's order of May 22, 1996, overruling both parties' summary judgment motions. Appellant cites the law-of-the-case doctrine in support.

■ Under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412. The doctrine has been extended to encompass a lower court's adherence to its own prior rulings or to the rulings of another judge or court in the same case. *Clymer v. Clymer* (Sept. 26, 1995), Franklin App. No. 95APF02–239, unreported, 1995 WL 571445 at *3. However, the doctrine "should not be taken to imply that a trial court can never, under any circumstances, reconsider its prior ruling." *Id.*

■ Regarding a summary judgment motion, an order overruling such a motion is subject to revision by the trial court at any time prior to entry of final judgment, and the court may correct an error upon a motion for reconsideration predicated upon the same law and facts. *Maxey v. Lenigar* (1984), 14 Ohio App.3d 458, 14 OBR 578, 471 N.E.2d 1388, paragraph one of the syllabus; see, also, *Phan v. Presrite Corp.* (1994), 100 Ohio App.3d 195, 653 N.E.2d 708. In this case, appellees did just that in a motion filed on January 20, 1998. Accordingly, appellant's argument that the trial court erred by disregarding Judge Gerchak's order of May 22, 1996, overruling both parties' summary judgment motions is without merit.

## III. R.C. 4113.52(A)(1) CLAIM

■ Turning to the merits of the trial court's decision, appellant argues that the decision was not supported by the record. Appellant initiated this action below under R.C. 4113.52, Ohio's Whistleblower Statute. Aside from the alleged procedural error complained of by appellant, this appeal raises three issues. Each issue corresponds to the three theories upon which relief can be sought under the Act.

In *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 246–249, 652 N.E.2d 940, 942–944, the Ohio Supreme Court described how the statute works as follows:

"Ohio's Whistleblower Statute, R.C. 4113.52, provides specific procedures an employee must follow to gain statutory protection as a whistleblower. R.C. 4113.52(A)(1)(a) addresses the situation where an employee in the course of his or her employment becomes aware of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employer has the authority to correct, and the employee reasonably believes that the violation

either is a criminal offense that is likely to cause an imminent risk of physical harm or a hazard to public health or safety or is a felony. Under such circumstances, R.C. 4113.52(A)(1)(a) requires that the employee orally notify his or her supervisor or other responsible officer of the employer of the violation and subsequently file with that person a written report that provides sufficient detail to identify and describe the violation. If these requirements have been satisfied and the employer does not correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours after the oral notification or the receipt of the written report, whichever is earlier, the employee may then file a written report with the prosecuting authority of the county or municipal corporation where the violation occurred or with some other appropriate person specified in R.C. 4113.52(A)(1)(a).

"Clearly, the provisions of R.C. 4113.52(A)(1) contemplate that the employer shall be given the opportunity to correct the violation. The statute mandates that the employer be informed of the violation both orally and in writing. An employee who fails to provide the employer with the required oral notification and written report is not entitled to statutory protection for reporting the information to outside authorities. If the employee provides the employer with oral notification and a written report, the employee may be entitled to the protections of the whistleblower statute for reporting the information to outside authorities only if the employer has failed to correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours after the oral notification or the receipt of the written report, whichever is earlier. R.C. 4113.52(A)(1)(b) contemplates that the employer will apprise the employee of its efforts to correct the violation. That provision mandates that if an employee makes a report to his or her employer under R.C. 4113.52(A)(1)(a), the employer, within twenty-four hours after the oral notification was made or the report received or by the close of business on the next regular business day, whichever is later, must provide written notice to the employee of any efforts the employer made to correct the alleged violation or hazard or of the absence of the alleged violation or hazard. Only after all these various procedures and requirements have been satisfied, and only if the employer has not corrected the violation or made a reasonable and good faith effort to correct the violation may the employee report the violation to outside authorities—but only those authorities specified in R.C. 4113.52(A)(1)(a).

"Therefore, to restate, R.C. 4113.52(A)(1) protects an employee for reporting certain information to outside authorities only if the following requirements have first been satisfied: (1) the employee provided the required oral notification to the employee's supervisor or other responsible officer of the employer, (2) the employee filed a written report with the supervisor or other responsible officer,

and (3) the employer failed to correct the violation or to make a reasonable and good faith effort to correct the violation. Further, R.C. 4113.52(A)(1)(a) sets forth the sole acceptable manner in which the employee may 'blow the whistle' to outside authorities. Specifically, the employee may file a written report that provides sufficient detail to identify and describe the violation with the proper prosecuting authority or other appropriate official or agency with regulatory authority over the employer and the industry, trade or business in which the employer is engaged. An employee who fails to follow the specific requirements of the statute is not a protected whistleblower and, accordingly, may not bring a wrongful discharge action pursuant to R.C. 4113.52." (Emphasis and footnote omitted.)

In this case, the trial court found that "[t]here is no evidence in the pleadings or court file to show that [appellant] orally notified his supervisor of the violation, or that he subsequently filed with that supervisor a written report describing the violation."

Appellant argues that he satisfied the statute's notice requirements. In support, he points to Paragraph 11 of his complaint, which states:

"Pursuant to the directions of Defendant Gurlea of July 14, 1992, Plaintiff on August 10, 1992 directed to Defendants a detailed written report of his concerns and violations discovered at the Waste Water Treatment Plant, setting forth in detail the reason for his concern, pursuant to the provisions of ORC Section 4113.52."

A closer examination of the August 10, 1992 document referred to by appellant reveals an admission by appellant that he did not satisfy the statute's notice requirements. Arguably, the document satisfies the written notice requirement. However, the document also discloses appellant's failure to satisfy the oral notice requirement. In it, appellant stated, "The question now is why I did not report these findings to you first." Appellees' highlighted this excerpt in their summary judgment motion. Appellant has failed to counter with contrary evidence. Thus, no genuine issue of material fact remains concerning appellant's failure to satisfy the notice element of his statutory claim under R.C. 4513.52(A).

## IV. R.C. 4113.52(A)(2) CLAIM

On appeal, appellant seeks to save his case by arguing that he can maintain a cause of action under R.C. 4113.52(A)(2), a provision that does not require notice to the employer. In *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 143, 677 N.E.2d 308, 315–316, the court explained R.C. 4113.52(A)(2) as follows:

"R.C. 4113.52(A)(2) addresses the situation where an employee becomes aware in the course of his or her employment of a violation of R.C. Chapter 3704 (Air Pollution Control Act), 3734 (Solid and Hazardous Wastes Act), 6109 (Safe Drinking Water Act), or 6111 (Water Pollution Control Act) that is a criminal offense. Under such circumstances, the employee may directly notify any appropriate public official or agency with regulatory authority over the employer and the industry, trade, or business in which the employer is engaged. There is no requirement in R.C. 4113.52(A)(2) that the employee notify his or her employer of the perceived violations."

Appellant argues that he raised a claim for protection under R.C. 4113.52(A)(2). He points to the following excerpts from his complaint:

"(6) In late January, 1992, during the course of his employment and as part of a continuing education program Plaintiff became aware of major safety and health violations taking place at the Waste Water Treatment Plant operated by these Defendants. These violations, including the dumping of raw sewage into the Mahoning River and the water supply of the City, numerous unattended and dangerously missing manhole covers, broken overflow pipes which permitted continuous contamination of the water supply, and the dumping of fish, snakes, and snapping turtles into the Waste Water Treatment Plant operations.

"(7) Further investigation revealed the complete absence of routine maintenance in major sections of the Waste Water Treatment Plant, which resulted in plugged sanitary lines backing up and overflowing of raw sewage. Dry Run Stations were discovered to have been shut down many years because of poor plant design.

" * * *

"(9) Previous attempts by this Plaintiff to present written reports directly to these Defendants regarding other hazardous conditions which had a direct effect on Plaintiff's health had been rebuffed by these Defendants and used as a basis for disciplinary action and threatened criminal prosecution."

A fair reading of appellant's complaint and the record reveals that he did not raise a claim for protection under R.C. 4113.52(A)(2). Appellant did not allege with any specificity a violation of R.C. Chapters 3704 (Air Pollution Control Act), 3734 (Solid and Hazardous Wastes Act), 6109 (Safe Drinking Water Act), or 6111 (Water Pollution Control Act) that is a criminal offense. It is well established that an appellant may not assert a new theory for the first time before an appellate court. *Kalish v. Trans World Airlines* (1977), 50 Ohio St.2d 73, 4 O.O.3d 195, 362 N.E.2d 994.

## V. COMMON–LAW CAUSE OF ACTION

On appeal, appellant also seeks to pursue a common-law cause of action. A review of appellant's complaint reveals no assertion of a common-law cause of action. Again, it is well established that an appellant may not assert a new theory for the first time before an appellate court. *Kalish v. Trans World Airlines* (1977), 50 Ohio St.2d 73, 4 O.O.3d 195, 362 N.E.2d 994.

Even assuming that appellant properly raised a common-law cause of action below, that claim does not survive summary judgment. An employee may pursue a common-law cause of action based upon the public policy embodied in R.C. 4113.52. *Contreras, supra,* 73 Ohio St.3d at 251, 652 N.E.2d at 946; *Kulch, supra,* at paragraph two of the syllabus. However, an employee who fails to strictly comply with the requirements of R.C. 4113.52 cannot base a common-law cause of action upon the public policy embodied in the statute. *Kulch, supra,* 78 Ohio St.3d at 153, 677 N.E.2d at 322–323, paragraph three of the syllabus. Therefore, appellant's failure to comply with the statute's notice requirement precludes recovery based upon a common-law cause of action.

Appellant's assignments of error are without merit. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

Cox and VUKOVICH, JJ., concur.