OPINION
{¶ 1} Susan and Clarence Barlowe appeal from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Susan Barlowe's employer, AAAA International Driving School, Inc. ("AAAA"), on her claims of retaliation, disability discrimination, negligent and intentional infliction of emotional distress, and violation of public policy.
 {¶ 2} On October 15, 1998, Susan Barlowe ("Barlowe") was employed as a behind the wheel driving instructor for AAAA. On that date, she was involved in an automobile accident, causing her to be unable to work. Barlowe filed a workers' compensation claim stemming from the accident. On May 3, 1999, she was released by her physician to return to work, at which time she was scheduled as a part-time classroom instructor. Barlowe returned to work for AAAA from May, 1999, through October, 1999, and from December, 1999, through September, 2000. She has not worked for AAAA since that time.
 {¶ 3} In June of 1999, Defendant placed newspaper advertisements for driving instructors. According to Barlowe, these advertisements were placed in retaliation for her filing a workers' compensation claim. Consequently, on November 18, 1999, Barlowe filed a complaint, asserting claims of disability discrimination, in violation of R.C. Ch. 4112; negligent and intentional infliction of emotional distress; and retaliatory discharge due to her filing of a workers' compensation claim. Barlowe's husband asserted a claim for loss of consortium. On October 3, 2000, AAAA filed a Motion to Dismiss Barlowe's claims of disability discrimination and retaliatory discharge under R.C. 4123.90, on the ground that she had failed to comply with the ninety day notice requirement in that statute. The trial court granted the Motion. On February 16, 2001, the Barlowes filed a First Amended Complaint, reasserting claims of the disability discrimination under R.C. Ch. 4112, emotional distress, retaliatory discharge, and loss of consortium. Therein, they indicated that the trial court had dismissed her workers' compensation retaliation claim for failing to meet the notice requirement of R.C. 4123.90. Barlowe also alleged an additional claim of disability discrimination in violation of public policy, in accordance with Greeleyv. Miami Valley Contractors, Inc.(1990), 49 Ohio. St.3d 228,551 N.E.2d 981.
 {¶ 4} On February 26, 2002, AAAA filed a Motion for Summary Judgment on all of the Barlowes' remaining claims. Prior to ruling on AAAA's Motion, the trial judge retired, and the action was reassigned to another common pleas judge. On January 31, 2003, the trial court sustained AAAA's Motion. Specifically, the court noted that the claims of retaliatory discharge and disability discrimination had been dismissed by that court on November 22, 2000. It granted summary judgment on the public policy claim, indicating that the jeopardy element of her claim had not been met. The trial court also granted summary judgment on Barlowe's emotional distress claims and her husband's derivative loss of consortium claim.
 {¶ 5} Barlowe raises two assignments of error on appeal.
 {¶ 6} "I. THE TRIAL COURT COMMITTED AN ERROR OF LAW IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT ON PLAINTIFF'S CLAIMS FOR DISABILITY DISCRIMINATION PURSUANT TO R.C. 4112 AND FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY BECAUSE IT IMPROPERLY APPLIED THE PROCEDURAL REQUIREMENTS OF REVISED CODE SECTION 4123.90 CONCERNING PLAINTIFF'S SEPARATE CLAIM FOR WORKER'S COMPENSATION RETALIATION."
 {¶ 7} Barlowe challenges the trial court's decision which granted summary judgment on her disability discrimination claim under R.C. Ch. 4112. She asserts that the trial court failed to recognize that she had alleged disability discrimination, in violation of R.C. Ch. 4112, as a separate and alternative claim to her retaliatory discharge claim, based on her filing and pursuing a workers' compensation claim. She further argues that she was not required to elect between R.C. Ch. 4112 and R.C.4123.90, and that the notice requirement of R.C. 4123.90 is inapplicable to her claim under R.C. Ch. 4112. In addition, Barlowe argues that, in granting summary judgment, the trial court incorrectly interpreted its prior ruling on the motion to dismiss by stating that the ruling had dismissed both her workers' compensation retaliatory discharge claim and her disability discrimination claim. In response, AAAA asserts that the trial court's November 22, 2000, decision dismissed both the disability discrimination claim and the retaliatory discharge claim. It further asserts that the trial court did not err in granting summary judgment on those claims, because it "simply followed the doctrine of the law of thecase when it adhered to the prior dismissal of the two claims."
 {¶ 8} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v.State Emp. Relations Bd., 78 Ohio St.3d 181, 183, 677 N.E.2d 343,1997-Ohio-221; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66, 8 O.O.3d 73, 375 N.E.2d 46.
 {¶ 9} In Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410, the Supreme Court of Ohio explained the law of the case doctrine:
 {¶ 10} "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *
 {¶ 11} "[T]he doctrine functions to compel trial courts to follow the mandates of reviewing courts. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law."
 {¶ 12} 11 Ohio St.3d at 3 (citations omitted). This doctrine has been extended "to encompass a lower court's adherence to its own prior rulings or to the rulings of another judge or court in the same case."Poluse v. Youngstown (1999), 135 Ohio App.3d 720, 725, 735 N.E.2d 505,508. However, the doctrine "should not be taken to imply that a trial court can never, under any circumstances, reconsider its prior ruling."Id. (quoting Clymer v. Clymer, (Sept. 26, 1995), Franklin App. No. 95APF02-239. Specifically, it does not preclude a court from reconsidering its prior rulings in order to correct its own errors. Seeid.; State ex rel. Dannaher v. Crawford, 78 Ohio St.3d 391, 678 N.E.2d 549,1997-Ohio-72 (law of the case doctrine, as expressed in Clymer, does not preclude a common pleas judge from reconsidering an interlocutory order entered in the same case by a different judge); see also Weaver v. MotorsMut. Ins. Co. (1990), 68 Ohio App.3d 547, 548, 589 N.E.2d 101, 102.
 {¶ 13} Turning to the circumstances herein, although the trial court did not cite the law of the case doctrine, it granted summary judgment on the retaliation and disability discrimination claims, stating "[t]hese two claims were dismissed by this Court on November 22, 2000." Whether that doctrine could have been applied as a basis for summary judgment ruling depends on whether the Chapter 4112 disability discrimination claim was, in fact, dismissed by prior Order. The November 22, 2000, Order dismissed the "actions of handicap discrimination and retaliation brought under R.C. 4123.90." (Doc. #19 at 4). If the Chapter 4112 claim was dismissed, as AAAA argues, then the trial court relied upon the law of the case doctrine when granting summary judgment on those claims. On the other hand, if the disability discrimination under Chapter 4112 was not dismissed by in the November 22, 2000, Order, as Barlowe argues, then the trial court misconstrued the prior order.[1]
 {¶ 14} Ultimately, this Court need not decide whether November 22, 2000, decision, in fact, dismissed both claims or, alternatively, whether the trial court misinterpreted the prior decision when it concluded that the disability discrimination under R.C. 4112 had been dismissed. The statute of limitations for claims of disability discrimination, pursuant to R.C. Ch. 4112, is six years. See Cosgrove v.Williamsburg of Cincinnati Mgt. Co., Inc., (1994) 70 Ohio St.3d 281,638 N.E.2d 991, syllabus ("R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations."). A claim based solely upon R.C. Ch. 4112 is not subject to the statute of limitations for R.C. 4123.90. Barlowe's disability discrimination claim, pursuant to R.C. Ch. 4112, was unquestionably filed within the six-year time period, a fact which AAAA conceded during oral argument. Accordingly, we conclude that Barlowe's disability discrimination claim under R.C. Ch. 4112 was timely filed, and the trial court's grant of summary judgment on that claim, whether by applying the law of the case doctrine or by misinterpreting the prior dismissal decision as having dismissed that claim, was erroneous.
 {¶ 15} During oral argument, AAAA asserted, as an alternate basis for affirming the trial court's grant of summary judgment, that Barlowe cannot create a genuine issue of material fact as to her disability discrimination claim and that it is entitled to judgment as a matter of law. Citing the de novo standard of review, AAAA invited this Court to review the summary judgment briefing and the evidence before the trial court and to rule that summary judgment in its favor was proper. We decline to do so. Because the trial court addressed Barlowe's disability discrimination claim solely on statute of limitations grounds, it did not reach the substantive elements of her claim. Under these circumstances, it is preferable that the trial court address these elements in the first instance by addressing the non-statute of limitations aspects of AAAA's motion for summary judgment.
 {¶ 16} The first assignment of error is sustained.
 {¶ 17} "II. THE TRIAL COURT COMMITTED AN ERROR OF LAW IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT ON PLAINTIFF'S CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY BECAUSE PLAINTIFF WAS ENTITLED TO MAINTAIN A SEPARATE CAUSE OF ACTION FOR COMMON LAW TORT AGAINST DEFENDANT NOTWITHSTANDING PLAINTIFF'S CLAIMS PURSUANT TO STATUTE."
 {¶ 18} Barlowe claims that the trial court improperly granted summary judgment on her claim of wrongful discharge in violation of the public policy against disability discrimination, arguing that it incorrectly concluded that she could not satisfy the jeopardy element of that Greeley claim.
 {¶ 19} Ohio adheres to the doctrine of employment at will, which refers to the traditional rule that "a general or indefinite hiring is terminable at the will of either party, for any cause, no cause or even in gross or reckless disregard of any employee's rights." Collins v.Rizkana, 73 Ohio St.3d 65, 67, 652 N.E.2d 653, 1995-Ohio-135. However, the Supreme Court has recognized several exceptions to the doctrine of employment at will. See, e.g., Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100, 483 N.E.2d 150 (recognizing two exceptions to the doctrine: implied contract and promissory estoppel). In Greeley, supra, the Supreme Court of Ohio first recognized a cause of action for wrongful discharge in violation of public policy. In Painter v. Graley,70 Ohio St.3d 377, 639 N.E.2d 51, 1994-Ohio-334, paragraph three of the syllabus, the Court stated:
 {¶ 20} "`Clear public policy' sufficient to justify an exception to the employment-at-will doctrine is not limited to public policy expressed by the General Assembly in the form of statutory enactments, but may also be discerned as a matter of law based on other sources, such as the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law."
 {¶ 21} The elements of a claim of wrongful discharge in violation of public policy are well-established:
 {¶ 22} "1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
 {¶ 23} "2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
 {¶ 24} "3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
 {¶ 25} "4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element)."
 {¶ 26} Collins, 73 Ohio St.3d at 69-70; Hundley v. Dayton Power Light Co., 148 Ohio App.3d 556, 774 N.E.2d 330, 2002-Ohio-3566. The first two elements, the clarity and jeopardy elements, "`both of which involve relatively pure law and policy questions,' are questions of law to be determined by the court." Collins, 73 Ohio St.3d at 70. The third and fourth elements are questions of fact to be determined by the jury. See id.
 {¶ 27} Herein, the trial court ruled that the clarity element had been satisfied, but that the jeopardy element had not been met. Citing toWiles v. Medina Auto Parts, 96 Ohio St.3d 240, 773 N.E.2d 526,2002-Ohio-3994, the trial court reasoned that "there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interest." The court held that the jeopardy element was not satisfied in Barlowe's circumstances, stating that "the public policy expressed, in this case handicap discrimination, would not be jeopardized by the absence of a common-law wrongful discharge action in tort because the aggrieved employee had an alternate means of vindicating her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct."
 {¶ 28} Barlowe appeals the trial court's determination that the jeopardy element was not met. Specifically, she claims that she may maintain both a statutory claim under R.C. Ch. 4112 and a common-law tort claim based on the public policy expressed by that statute, pursuant to Greeley and its progeny. AAAA responds that Greeley claims are unavailable when the statutory scheme parallels the damage remedies available in a common-law tort action.
 {¶ 29} In Kulch v Structural Fibers, Inc., 78 Ohio St.3d 134,677 N.E.2d 308, 1997-Ohio-219, the Supreme Court considered whether the jeopardy element had been met when an employee brought a statutory cause of action against his employer, pursuant to the Ohio Whistleblower Statute, R.C. 4113.52, and a corresponding wrongful discharge in violation of public policy claim, pursuant to Greeley. Id. at 136-378. In analyzing that element, the Kulch court stated that "the mere existence of statutory remedies in R.C. 4113.52 [the Whistleblower Statute] does not, without more, operate to bar recognition of appellant's Greeley claim for tortious wrongful discharge in violation of R.C. 4113.52." Id.
at 156. The Court specifically recognized that the statutory remedies "are not adequate to fully compensate an aggrieved employee who is discharged, disciplined, or otherwise retaliated against in violation of the statute." Thus, it concluded that a common-law claim for violation of public policy would further encourage, not hinder, the legislative objectives. The Court held that an at-will employee who is discharged in violation of the Whistleblower Statute may maintain a statutory claim for the violation, a common-law cause of action in tort, or both, but the employee is not entitled to double recovery. Id. at 162.
 {¶ 30} The Kulch decision was immediately applied in Livingstonv. Hillside Rehabilitation Hosp., 79 Ohio St.3d 249, 680 N.E.2d 1220,1997-Ohio-155. In that case, the plaintiff brought a claim of age discrimination in violation of R.C. § 4112.02 and a corresponding Greeley claim based solely on that statute. The lower courts had held that the plaintiff could not maintain her public policy claim in conjunction with her statutory claim, on the ground that the statutory discrimination claim afforded her adequate relief. The Supreme Court, without opinion, reversed and remanded on the authority of Kulch.
 {¶ 31} Thereafter, various courts applying Ohio law have ruled that a Greeley claim based on the public policy expressed in R.C. 4112 could be pursued alongside a statutory discrimination claim. E.g., Whitev. Honda of America Mfg., Inc., 191 F. Supp.2d 933 (S.D.Ohio 2002) (Sargus, J.). Indeed, this Court reversed a grant of summary judgment on a claim of wrongful discharge in violation of public policy, based on Ohio's age discrimination statute, on the ground that the grant of summary judgment on the statutory age discrimination claim was likewise reversed. Cruz v. South Dayton Urological Assoc., Inc. (1997),121 Ohio App.3d 655, 700 N.E.2d 675 (Grady, J.). However, many Ohio courts of appeals have held that a Greeley claim premised solely on Ch. 4112 cannot be maintained. See Berge v. Columbus Community Cable Access
(1999), 136 Ohio App.3d 281, 736 N.E.2d 517, 534-35 (affirming dismissal of Greeley claim premised on Ch. 4112, because the remedies under R.C.4112.99 are sufficient to provide complete relief); Shugars v. AlliedMachine Engineering Corp. (Aug. 28, 2003), Tuscarawas App. No. 2002-CA-10-0085, 2003-Ohio-4672; Wiles v. Medina Auto Parts (June 6, 2001), Medina App., 2001 WL 615938, aff'd, 96 Ohio St.3d 240,773 N.E.2d 526, 2002-Ohio-3994.
 {¶ 32} Last year in Wiles v. Medina Auto Parts, supra, the Supreme Court distinguished Kulch and applied its holdings narrowly. Therein, the plaintiff alleged that he had been wrongfully discharged for exercising his rights under the Family and Medical Leave Act ("FMLA"),19 U.S.C. § 2601 et seq. Applying the analytical framework in Collins, the Court agreed that the FMLA expressed a clear public policy in favor of a qualified employee being allowed to take medical leave to care for a parent with a serious health problem, thus satisfying the clarity element. Turning to the jeopardy element, the Court explained:
 {¶ 33} "An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful-discharge claim. Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, `the issue of adequacy of remedies' becomes a particularly important component of the jeopardy analysis. `If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy.' Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests. In that situation, the public policy expressed in the statute would not be jeopardized by the absence of a common-law wrongful-discharge action in tort because an aggrieved employee has an alternate means of vindicating his or her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct." 96 Ohio St.3d at 244 (citations omitted). Upon review of the FMLA statutory scheme, the Court noted that it provided substantive rights for employees, prohibitions applicable to employers, and a comprehensive remedial scheme designed to compensate an employee for his or her employer's violation of the Act. Id. It thus concluded that "[t]his combination of compensatory damages and equitable remedies is sufficiently comprehensive to ensure that the public policy embodied in the FMLA will not be jeopardized by the absence of a tort claim for wrongful discharge in violation of public policy." 93 Ohio St.3d at 245.
 {¶ 34} In reaching this conclusion, the Supreme Court rejected the appellant's assertion that Kulch directed it to recognize a common law tort claim for wrongful discharge in violation of the FMLA, on the ground that the FMLA did not provide a complete remedy. It reasoned:
 {¶ 35} "Kulch does not, as Wiles argues, stand for the proposition that statutory remedies are inadequate — therefore warranting a Greeley claim — when those remedies provide something less than the full panoply of relief that would be available in a tort cause of action for wrongful discharge. Importantly, the analysis upon which Wiles relies garnered the votes of only three justices. Thus, Kulch is not controlling authority on the question of whether the remedies provided in a statute are sufficiently comprehensive to render unnecessary the recognition of a separate common-law Greeley claim based solely on the same statute — much less a Greeley claim based on a federal statute that was the product of a Congressional balancing of right and remedy that we ought not disturb." 96 Ohio St.3d at 247 (citations omitted).
 {¶ 36} Turning to the case before us, the trial court relied upon the Supreme Court's reasoning in Wiles in determining that Barlowe could not avail herself of a common law tort action for wrongful discharge in violation of public policy, based solely on Ohio's statute against disability discrimination. Barlowe claims that this reliance on Wiles was inappropriate, arguing that she did not bring claims under the FMLA. She further asserts that, in Pytlinski v. Brocar Prod., Inc., 94 Ohio St.3d 77,760 N.E.2d 385, 2002-Ohio-66, the Supreme Court of Ohio reaffirmed its holdings in Kulch and Greeley, and that under Greeley and its progeny she is entitled to bring both a statutory claim under R.C. 4112 and a wrongful discharge in violation of public policy tort claim, based on violations of that statute. AAAA responds that the principles and reasoning in Wiles are applicable beyond FMLA-based claims, and thus support the trial court's ruling. Barlowe replies that Wiles is not a clear majority opinion, in light of Justice Pfeifer's concurrence in judgment only, and that this court should not decide at this time whether Wiles applies to R.C. Ch. 4112.
 {¶ 37} Although the Supreme Court has not yet applied its reasoning in Wiles to wrongful discharge claims based on R.C. Ch. 4112, there is no indication that the principles expressed therein are limited to FMLA-based claims. Rather, the Supreme Court has repeatedly stated that the jeopardy element involves an inquiry into whether the statute provides an adequate remedy to the plaintiff. See Collins, supra (adequacy of remedies issue arises where "the right and remedy are part of the same statute which is the sole source of the public policy opposing the discharge."); Helmick v. Cincinnati Word Processing, Inc. (1989),45 Ohio St.3d 131, 543 N.E.2d 1212 (allowing concurrent tort action for sex discrimination when relief available under the statutory scheme did not parallel the damages available in a common-law tort action); Kulch, supra (permitting wrongful discharge claim based on Whistleblower statute where the remedies available under R.C. 4113.52 would not provide complete relief).
 {¶ 38} The Supreme Court's ruling in Pylinski does not alter this conclusion. In that case, the Court held that the plaintiff's claim for wrongful discharge in violation of public policy was governed by the four-year statute of limitations for tort actions not specifically covered by other statutory sections and not the limitations period set forth in the Whistleblower Statute, R.C. 4113.52. At the heart of this ruling was the fact that the plaintiff had relied upon Ohio's public policy in favor of workplace safety, not the public policy set forth in the Whistleblower Statute. The Pylinski court did not address Greeley claims based solely upon a violation of a statute. Unlike the plaintiff in Pylinski, Barlowe relies exclusively upon the public policy set forth in Ohio and federal anti-discrimination statutes. Accordingly, Pylinski is inapposite.
 {¶ 39} Barlowe has relied upon R.C. Ch. 4112, including R.C.4112.99, as the statutory basis for her wrongful discharge claim.[2]
R.C. 4112.99 provides that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." This statute has been interpreted to allow for the recovery of compensatory damages and, when actual malice is shown, punitive damages.Rice v. CertainTeed Corp., 84 Ohio St.3d 417, 704 N.E.2d 1217,1999-Ohio-361. "`Damages,' absent a restrictive modifier like `compensatory,' `actual,' `consequential' or `punitive,' is an inclusive term embracing the panoply of legally recognized pecuniary relief."84 Ohio St.3d at 419. Thus, the remedies provided by R.C. 4112.99 provide broad relief which is sufficiently comprehensive to vindicate the policy goals set forth in that statute. See Berge, supra. Following the reasoning of Wiles, Barlowe has a statutory remedy that adequately protects society's interests. Compare Collins, supra. We therefore conclude that the public policy expressed by R.C. 4112.99 will not be jeopardized by the lack of a common law tort remedy. Plaintiff must pursue her claim under Chapter 4112 in order to vindicate her rights under that statute and the policy interests expressed therein.[3] See alsoDolan v. St. Mary's Mem. Home, 153 Ohio App.3d 441, 794 N.E.2d 716,2003-Ohio-3383 (rejecting, in accordance with Wiles, a wrongful-discharge action based on the reporting of abuse in a nursing home when the plaintiff has a remedy by means of a retaliatory discharge claim, pursuant to R.C. 3721.24.). Accordingly, the trial court's grant of summary judgment to AAAA on Barlowe's Greeley wrongful discharge claim, on the ground that she failed to meet the jeopardy element of her claim, was not erroneous.
 {¶ 40} Barlowe's second assignment of error is overruled.
 {¶ 41} The judgment of the trial court will be AFFIRMED in PART, REVERSED in PART, and REMANDED for further proceedings, including consideration of the non-statute of limitations aspects of AAAA's motion for summary judgment.
YOUNG, J. and BRYANT, J., concur.
[1] The Court notes that in its briefing on the Motion to Dismiss, AAAA indicated that Barlowe's disability discrimination claim was arguably brought under R.C. 4123.90, as well as R.C. Ch. 4112. It expressly stated that it had not moved to dismiss the disability discrimination claim under R.C. 4112. The Court further notes that R.C. Ch. 4112 was not mentioned in the Novemer 22, 2000, Order.
[2] By referencing the dismissal of the disability discrimination and retaliation claims in its discussion of Barlowe's public policy claim, the trial court arguably recognized a Greeley claim based on R.C. 4123.90. Barlowe, however, conceded during oral argument that a Greeley claim based on R.C. 4123.90 is foreclosed by her failure to comply with the ninety-day notice requirement of that statute.
[3] Barlowe has not argued, nor is there any indication, that she cannot pursue a remedy under R.C. Ch. 4112 and that she needs a common law remedy in order to vindicate the policy goals therein.