[Cite as *McDonald v. Abdella*, 2018-Ohio-4125.]

# IN THE COURT OF APPEALS OF OHIO

# TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sanford McDonald et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 17AP-887 |
| | | (C.P.C. No. 17CVC-856) |
| Vicky Abdella, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |
| Sanford McDonald et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 17AP-888 |
| | | (C.P.C. No. 17CVC-825) |
| Maria Lynne Abdella, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

# D E C I S I O N

## Rendered on October 11, 2018

**On brief:** *Cynthia Roy*, for appellants. **Argued:** *Cynthia Roy.*

**On brief:** *Fishel Hass Kim Albrecht Downey LLP, Daniel T. Downey* and *Paul M. Bernhart*, for appellees. **Argued:** *Paul M. Bernhart.*

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiffs-appellants appeal the Franklin County Court of Common Pleas' decision granting defendants-appellees' motion for summary judgment, denying

appellants' motion for reconsideration, and sua sponte striking appellants' complaint filed August 29, 2017.  For the following reasons, we affirm the decision of the trial court.

{¶ 2}   This is a personal injury action relating to a January 27, 2015 automobile collision.  Maria Lynne Abdella was driving a motor vehicle owned by Vicky Abdella when it rear-ended a car being driven by Sanford McDonald in which Tashee Cook was a passenger.  McDonald and Cook were taken to a hospital.

{¶ 3}   Two days short of the expiration of the statute of limitations for a claim of negligence, a complaint was filed in the Franklin County Court of Common Pleas.  The complaint named Vicky Abdella as the negligent party and not Maria Abdella.  An answer was filed on behalf of Vicky Abdella.  Six months later, counsel for the Abdellas and their insurance company filed a motion asking that the complaint be dismissed because it named the wrong defendant.  The motion alleged that the statute of limitations lapsed.

{¶ 4}   Counsel for Sanford McDonald and Tashee Cook sought leave to amend the complaint to reflect that Maria Abdella was the negligent driver.  Counsel for the Abdellas alleged that the complaint was now time-barred, despite the allegation that both Abdellas are (or at least were) living in the same residence in West Virginia.  The Ohio statute of limitations is extended for the time a putative defendant is out of the state of Ohio.

{¶ 5}   The trial court denied appellants' motion for leave to file an amended complaint instanter, and converted the appellants' motion to dismiss to a motion for summary judgment.  Six days later, appellants filed a new complaint under a new case number alleging that Maria Abdella was the driver of the vehicle.  Appellants also filed a motion for reconsideration with the original trial court.

{¶ 6}   The two cases were consolidated and, on November 20, 2017, the trial court entered its decision denying appellants' motion for reconsideration, granting appellees' converted motion for summary judgment, dismissing appellants' complaint filed January 25, 2017, and sua sponte striking the complaint filed on August 29, 2017.

{¶ 7}   Counsel for McDonald and Cook have now timely pursued an appeal of the various trial court orders regarding their lawsuit.  They assign three errors for our consideration:

> [I.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANTS['] MOTION FOR LEAVE TO FILE AMENDED COMPLAINT.
>
> [II.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION TO DISMISS, CONVERTED MOTION FOR SUMMARY JUDGMENT.
>
> [III.] THE TRIAL COURT ERRED AS A MATTER OF [LAW] WHEN STRIKING PLAINTIFF'S SECOND COMPLAINT SUA SPONTE.

{¶ 8} The first assignment of error argues that the trial court should have granted leave for appellants to file an amended complaint which would add Maria Abdella as a defendant and not substitute Maria Abdella as the driver of the vehicle for Vicky Abdella, the owner of the vehicle.

{¶ 9} The general rule is that a person may not be brought into a civil action as a new party defendant when the cause of action as to him or her is barred by the statute of limitations. *Picciuto v. Lucas Cty. Bd. of Commrs.*, 69 Ohio App.3d 789, 797 (6th Dist.1990); *see also Kilko v. Walter*, 8th Dist. No. 94920, 2010-Ohio-6364, ¶ 19 (leave to add party and assert claims which should have been asserted in the original complaint was properly denied where the claims were barred by the applicable statute of limitations). "[R]eview of a trial court decision on a motion seeking leave to add new parties, whether filed pursuant to Civ.R. 15 or 21, is subject to an abuse-of-discretion standard of review." *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, ¶ 12. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave shall be freely granted when justice so requires. The decision as to whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999). While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Id.* Time alone is generally an insufficient reason for the court to deny leave to

amend; the primary consideration is whether there is actual prejudice to the defendants because of the delay. *Schweizer v. Riverside Methodist Hosp.*, 108 Ohio App.3d 539, 546 (10th Dist.1996). If a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 123 (1991).

{¶ 11} On July 7, 2017, appellants filed a motion for leave to file an amended complaint instanter. Appellants sought to add Maria Abdella as a defendant and retain Vicki Abdella as a defendant pursuant to Civ.R. 15(C) so as to relate back to the date of the original pleading and not be beyond the two-year statute of limitations.

{¶ 12} The trial court stated that Civ.R. 15(C) is not applicable because appellants did not seek to substitute parties but to add Maria Abdella as an additional defendant. Civ.R. 15(C) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{¶ 13} Further, the trial court found that it could not assume that the daughter was served simply because she was the daughter and there was evidence that she was not living at the address at the time of service. (Vicky Abdella Aff. at ¶ 1-3.) The trial court did not abuse its discretion in denying appellants' motion to amend the original complaint as the two-year statute of limitations had run and appellant sought to add a defendant rather than substitute one.

{¶ 14} The first assignment of error is overruled.

{¶ 15} As to appellants' contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion.

{¶ 16} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the nonmoving party must then produce competent evidence showing that there is a genuine issue for trial. *Id.* at 293.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Civ.R. 56(E). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998). Summary judgment is a procedural device to terminate

litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 17} De novo review is well established as the standard of review for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard. *See Dresher*; *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 18} Appellants do not dispute that Maria Abdella was the driver of the vehicle in the accident while Vicki Abdella is the owner of the vehicle and is Maria Abdella's mother. On July 7, 2017, appellants filed a motion for leave to amend their complaint instanter to add Maria Abdella pursuant to Civ.R. 15(C) and Civ.R. 19. Appellants assert the other driver was negligent, and do not assert a negligent entrustment claim against the named defendant Vicky Abdella. There is no possible negligence claim against Vicky Abdella. The trial court properly granted summary judgment.

{¶ 19} The second assignment of error is overruled.

{¶ 20} The third assignment of error alleges that the trial court improperly struck appellants' second complaint sua sponte. On August 23, 2017, the trial court determined that claims against Maria Abdella were time barred pursuant to R.C. 2305.10 which sets forth a two-year statute of limitations in personal injury actions. The court denied appellants' motion for leave to file an amended complaint adding Maria Abdella as a defendant. Six days later, appellants filed an original complaint with Maria Abdella as defendant. This new complaint was consolidated with the original case and was struck sua sponte in the trial court's November 20, 2017 decision.

{¶ 21} The doctrine of the law of the case provides that the decision of a reviewing court remains the law of the case on legal questions involved for all subsequent proceedings at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The law of the case doctrine has been "extended to encompass a lower court's adherence to its own prior rulings or to the rulings of another judge or court in the same case." *Poluse v. Youngstown*, 135 Ohio App.3d 720, 725 (7th Dist.1999). The law of the case doctrine is considered to be a rule of practice rather than being a rule of substantive law and will not be applied so as to achieve unjust results. *Nolan* at 3. The trial court had already ruled that

claims against Maria Abdella were time-barred.  Therefore, it was proper for the trial court to sua sponte strike the August 29, 2017 complaint.

{¶ 22}  The third assignment of error is overruled.

{¶ 23} Having overruled the three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.