[Cite as *State v. Vanhorn*, 2025-Ohio-5748.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff - Appellee<br><br>-vs-<br><br>DEREK VANHORN,<br><br>Defendant – Appellant | Case No. 25 CAA 07 0052<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Delaware County Court of Common Pleas, Case No. 11 CRI 12 0623<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: December 23, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; RICHARD PIATT, for Defendant-Appellant.

*Montgomery, J.*

## STATEMENT OF FACTS AND THE CASE

**{¶1}**    Appellant Derek Vanhorn (hereinafter "Vanhorn") was driving at a high rate of speed with a suspended license on August 10, 2011, when his car went left of center and struck another vehicle, killing its passenger. Vanhorn had a history of extensive traffic offenses and stated he may have been texting at the time of the accident.

**{¶2}**    Vanhorn was charged with Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(2)(a) on December 2, 2011, in the Delaware County Court of Common Pleas. Vanhorn pled "no contest" on April 11, 2012, and the trial court found him guilty on the same date. *Judgment Entry on No Contest Plea 4/13/12*, p. 3.

**{¶3}** A sentencing hearing was held on June 12, 2012, wherein Vanhorn was sentenced to 42 months in prison, ordered to pay court costs and restitution and his driver's license was suspended for life. *Judgment Entry on Sentence 6/15/12*, p. 2.

**{¶4}** After his release from incarceration, Vanhorn filed a Motion for Limited Driving Privileges in the Common Pleas Court of Delaware County on July 30, 2015 (hereinafter referred to as "7/30/15 Motion"). The trial court issued a Judgment Entry Addressing the Defendant's 7/30/15 Request for Limited Driving Privileges on August 7, 2015 (hereinafter referred to as "8/7/15 Entry") wherein Judge Gormley, one of the judges of the Delaware County Court of Common Pleas, stated, "Before I will consider granting those privileges, though, the defendant must satisfy the reinstatement requirements set by the Ohio Bureau of Motor Vehicles (BMV) for various other suspensions that are on his traffic record." *8/7/15 Entry,* p. 1.

**{¶5}** The trial court's 8/7/15 Entry granted Vanhorn permission to renew his driver's license. The Entry also stated eight requirements Vanhorn must complete before Judge Gormley would, "consider granting driving privileges to him." *Id.*, p. 2.

**{¶6}** Ten years after the aforementioned trial court's judgment entry, Vanhorn filed a Motion on June 3, 2025 (hereinafter referred to as "6/3/25 Motion") in the trial court seeking an order permitting him to complete a remedial driving course and/or take his driver's license examination.

**{¶7}** The State of Ohio filed a Reply to Defendant's Motion on June 4, 2025 (hereinafter referred to as "State's Reply"), opposing Vanhorn's 6/3/25 Motion.

**{¶8}** Judge Marianne T. Hemmeter, a trial judge in the Delaware County Court of Common Pleas, issued a Judgment Entry Denying Defendant's Request for an Order

Allowing Him to Retest For his Driver's License (hereinafter referred to as "6/6/25 Entry") on June 6, 2025.

{¶9}   Vanhorn appealed the trial court's 6/6/25 Entry and asserts the following assignments of error:

{¶10} "I.    THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION ALLOWING HIM TO RETEST IN AN EFFORT TO OBTAIN A VALID OHIO DRIVER'S LICENSE AS THERE WAS A VALID JUDGEMENT [SIC] ENTRY IN AFFECT [SIC] ALLOWING HIM TO DO SO."

{¶11} "II.    THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION ALLOWING HIM TO RETEST TO OBTAIN A VALID OHIO DRIVER'S LICENSE, AND THE DENIAL OF DEFENDANT-APPELLANT'S MOTION WAS AN ABUSE OF DISCRETION."

## STANDARD OF REVIEW

{¶12} This Court will review the decision of the trial court under an abuse of discretion standard. "Abuse of Discretion" has been defined by the Ohio Supreme Court as "conduct that is unreasonable, arbitrary, or unconscionable." *Blakemore v Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

{¶13} Vanhorn argues in his first assignment of error that the trial court erred by denying his motion for an order that would allow him to retest for his driver's license.

{¶14} Vanhorn argues in his second assignment of error that the trial court's denial of his motion filed on June 3, 2025, was an abuse of discretion.

{¶15} Vanhorn's arguments will be addressed together.

**{¶16}** As a general rule, courts follow the law of the case doctrine. Said rule has been defined as, "The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. United States Smelting Ref. & Mining Co.*, 339 U.S. 186, 198 (1950).

**{¶17}** This Court has found, "The doctrine's purpose is to ensure 'consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.' " *Myers v. Vitanovic*, 2022-Ohio-4802, ¶ 18, citing *Nolan,* at 3, 462 N.E.2d 410. The *Myers'* court went on to say, "The doctrine 'should not be taken to imply that a trial court can never, under any circumstances, reconsider its prior ruling.' " *Id.*, citing *Poluse v. Youngstown*, 135 Ohio App.3d 720, 725 (7th Dist. 1999).

**{¶18}** This Court ruled in *Myers*, "We find that the trial court did not err in failing to apply the law of the case doctrine and was within its discretion to review the facts and evidence submitted at the time of the hearing to determine appellant's income for purposes of child support." *Id.*, at ¶ 19.

**{¶19}** Vanhorn argues that the trial court "lacked the authority to reconsider its own valid judgement [sic]". *Appellant Brief*, p. 5.

**{¶20}** Since the trial court imposed its sentence on April 11, 2012, Vanhorn has filed two separate motions with the trial court regarding the lifetime suspension of his driving privileges.

**{¶21}** Judge Gormley considered Vanhorn's 7/30/15 Motion and issued the trial court's 8/7/15 Entry that granted him permission to renew his driver's license.

**{¶22}** Ten years later, Judge Hemmeter considered Vanhorn's 6/3/25 Motion and issued the trial court's 6/6/25 Entry that denied Vanhorn's request for an up-to-date order to provide to the BMV to allow him to retest.

**{¶23}** Ten years passed between the filing of Vanhorn's two motions. Vanhorn incurred one criminal conviction and one traffic conviction during this time.

**{¶24}** Vanhorn was convicted of F3 failure to comply in Washington County, Ohio in 2019 when he fled from law enforcement. Vanhorn also operated a vehicle without a license on October 1, 2023, and was convicted of driving under suspension and physical control. *State's Reply*, p. 2.

**{¶25}** The trial court was within its discretion to review the facts and evidence submitted at the time of the filing of each of Vanhorn's motions. The trial court in the case sub judice considered Vanhorn's recent convictions and denied Vanhorn's 6/3/25 Motion.

**{¶26}** The trial court did not abuse its discretion when it denied Vanhorn's 6/3/25 Motion.

**{¶27}** Vanhorn also argues that the trial court's decision to deny his 6/3/25 Motion "had the same effect of changing the trial court's decision[1] and altered the original intent of the trial court." *Appellant Brief*, p. 5.

**{¶28}** We disagree with Vanhorn's argument.

**{¶29}** Vanhorn agrees that the trial court's 6/6/25 Entry did not change the trial court's 8/7/15 Entry. *Appellant Brief*, p. 5.

**{¶30}** Vanhorn's 6/3/25 Motion requested an "up-to-date" order, a different order. The trial court considered Vanhorn's actions from 2015 to 2025 in making its decision,

---

[1] Vanhorn refers to the trial court's 8/7/15 Entry.

specifically that Vanhorn has "recent driving convictions involving driving under a suspended license." *6/6/25 Entry*.

**{¶31}** Contrary to Vanhorn's argument, the trial court's 6/6/25 Entry does not change or alter the trial court's 8/7/15 Entry. The 6/6/25 Entry does not even mention the trial court's 8/7/15 Entry.

**{¶32}** We find Vanhorn's arguments to be unpersuasive.

**{¶33}** The trial court's 6/6/25 Judgment Entry was not unreasonable, arbitrary or unconscionable. The trial court did not err in denying Vanhorn's Motion filed on June 3, 2025.

**{¶34}** Vanhorn's first and second assignments of error are overruled.

## CONCLUSION

**{¶35}** The decision of the trial court issued on June 6, 2025, in the Delaware County Court of Common Pleas is hereby affirmed.

**{¶36}** Costs to Appellant.

By: Montgomery, J.
King, P.J. and
Popham, J. concur.