[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 77.]

PYTLINSKI, APPELLANT, *v*. BROCAR PRODUCTS, INC. ET AL., APPELLEES.

[Cite as *Pytlinski v. Brocar Prod.*, *Inc.*, 2002-Ohio-66.]

*Employment relations—Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted—Common-law cause of action against employer who discharges employee in violation of public policy favoring workplace safety is subject to four-year limitations period in R.C. 2305.09(D).*

(No. 00-1756—Submitted October 17, 2001, at the Greene County Session—

Decided January 16, 2002.)

APPEAL from the Court of Appeals for Hamilton County, No. C-000032.

———————————

SYLLABUS OF THE COURT

1.  Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted.

2.  A common-law cause of action against an employer who discharges an employee in violation of public policy favoring workplace safety is subject to the four-year limitations period set forth in R.C. 2305.09(D).

———————————

DOUGLAS, J.

{¶ 1} In 1997, Larry J. Pytlinski, appellant, was hired by appellee John Helmsderfer, the president of appellee Brocar Products, Inc. ("Brocar").[1]  While

---

1. The facts as stated herein are taken from appellant's complaint and are considered to be true for the purposes of this appeal.  See *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200.

employed with Brocar, Pytlinski complained several times to Helmsderfer regarding working conditions he believed jeopardized employee health and safety. Subsequent to making these complaints, Pytlinski was demoted. On February 5, 1998, Pytlinski delivered a memorandum to appellees identifying health violations occurring at Brocar that Pytlinski believed to be in violation of Occupational Safety and Health Administration ("OSHA") regulations. Pytlinski's employment was terminated the next day.

{¶ 2} In February 1999, approximately one year after his termination from Brocar, Pytlinski filed a complaint against appellees alleging that he was terminated in violation of the public policy of Ohio, which prohibits the termination of employees for lodging complaints pertaining to violations of the law, including OSHA regulations.

{¶ 3} Appellees moved to dismiss the complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted. Appellees argued that Pytlinski's complaint was time-barred by the one-hundred-eighty-day limitations period set forth in R.C. 4113.52, the Ohio Whistleblower Act. The trial court granted appellees' motion, and Pytlinski appealed to the Court of Appeals for Hamilton County.

{¶ 4} The court of appeals affirmed the judgment of the trial court. The court of appeals found that a complaint for damages for wrongful discharge from employment, where the discharge was retaliatory and violative of Ohio public policy, is limited to the one-hundred-eighty-day limitations period set forth in R.C. 4113.52. Pytlinski appealed to this court.

{¶ 5} This case is now before us upon the allowance of a discretionary appeal.

{¶ 6} Pytlinski presents a single issue for our consideration. We are called upon to determine whether the court of appeals erred in applying the one-hundred-eighty-day limitations period set forth in R.C. 4113.52 to Pytlinski's common-law

claim for wrongful discharge in violation of public policy. For the reasons that follow, we reverse the judgment of the court of appeals.

{¶ 7} In *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, paragraph two of the syllabus, we created an exception to the traditional common-law doctrine of employment-at-will where a discharge is in violation of a statute and thereby contravenes public policy. The *Greeley* holding was later expanded to recognize a cause of action in tort when the wrongful discharge violated the "Constitutions of Ohio and the United States, administrative rules and regulations, and the common law." *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, paragraph three of the syllabus.

{¶ 8} Pytlinski claims that he was discharged in violation of Ohio public policy favoring workplace safety because the discharge was predicated upon his complaints regarding workplace safety. Pytlinski asserts that he has a valid common-law cause of action based upon *Greeley* and *Painter* and that his cause of action is governed by the four-year limitations period set forth in R.C. 2305.09(D). Appellees contend that Pytlinski is seeking protection as a whistleblower and appellees urge this court to apply the holding of *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus, which states, "In order for an employee to be afforded protection as a 'whistleblower,' such employee must strictly comply with the dictates of R.C. 4113.52." Appellees argue that even though Pytlinski did not specifically allege a violation of R.C. 4113.52, he should nonetheless be held to the statute's requirements, including the one-hundred-eighty-day limitations period. We disagree.

{¶ 9} Subsequent to our decision in *Contreras*, we held that an at-will employee who is discharged for filing a complaint with OSHA alleging concerns with workplace safety is entitled to maintain a common-law tort action based upon *Greeley*. *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308, paragraph one of the syllabus. In *Kulch*, the plaintiff was discharged after he

filed complaints with OSHA regarding health problems that he and other employees were experiencing in the workplace. After being discharged, the plaintiff brought suit against the employer, alleging both a whistleblower claim, pursuant to R.C. 4113.52, and a claim for wrongful discharge in violation of public policy.

{¶ 10} In *Kulch*, we recognized the abundance of Ohio statutory and constitutional provisions that support workplace safety and form the basis for Ohio's public policy, which is "clearly in keeping with the laudable objectives of the federal Occupational Safety and Health Act."[2] *Id.*, 78 Ohio St.3d at 152, 677 N.E.2d at 322. We concluded that retaliation against employees who file complaints regarding workplace safety clearly contravenes the public policy of Ohio. *Id.*, 78 Ohio St.3d at 152-153, 677 N.E.2d at 322.

{¶ 11} Specifically, we held:

"[A]n at-will employee who is discharged or disciplined for filing a complaint with OSHA concerning matters of health and safety in the workplace is entitled to maintain a common-law tort action against the employer for wrongful discharge/discipline in violation of public policy pursuant to *Greeley*, 49 Ohio St.3d 228, 551 N.E.2d 981, and its progeny. Thus, appellant is entitled to maintain a *Greeley* claim against appellees *whether or not he complied with the dictates of R.C. 4113.52* in reporting his employer to OSHA." (Emphasis added.) *Id.*, 78 Ohio St.3d at 162, 677 N.E.2d at 328-329.

{¶ 12} We disagree with any contention on appellees' behalf that Pytlinski's claim fails because his complaints were not filed with OSHA. As

---

2. See, e.g., Sections 34 and 35, Article II, Ohio Constitution (providing for the welfare of employees and providing for workers' compensation benefits); R.C. 4101.11 (duty of employer to protect employees and frequenters); R.C. 4101.12 (duty of employer to furnish safe place of employment); R.C. 4121.13 (safety and investigative duties of the Administrator of the Bureau of Workers' Compensation); R.C. 4121.17 (duty of the Bureau of Workers' Compensation to investigate petitions concerning unsafe employment or places of employment); R.C. 4121.48 (occupational safety loan program to reduce employment hazards and promote health and safety of employees). *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d at 152-153, 677 N.E.2d at 322.

discussed in *Kulch*, it is the retaliatory action of the employer that triggers an action for violation of the public policy favoring workplace safety.[3] Pytlinski's complaint clearly sets forth the allegation that appellees retaliated against him for lodging complaints regarding workplace safety.

{¶ 13} We find the holding in *Kulch* controlling in this case. Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted. Therefore, Pytlinski is not bound by the statute of limitations set forth in R.C. 4113.52 because his cause of action is not based upon that statute, but is, instead, based in common-law for violation of public policy.

{¶ 14} Having determined that the one-hundred-eighty-day limitations period set forth in R.C. 4113.52 does not apply to a common-law action for wrongful discharge in violation of public policy, we must determine what limitations period does apply. R.C. 2305.09(D) provides the general limitations period for tort actions not specifically covered by other statutory sections. An action for wrongful discharge in violation of public policy is not specifically covered by any statutory section. Accordingly, we find that the limitations period for common-law claims for wrongful discharge in violation of public policy is four years as set forth in R.C. 2305.09(D). The record reflects that Pytlinski filed his complaint against appellees well within four years from the date he was terminated. Therefore, the court of appeals erred in affirming the trial court's dismissal of Pytlinski's complaint for failure to file his claim timely.

---

3. In *Kulch*, 78 Ohio St.3d at 150-151, 677 N.E.2d at 321, we followed the suggestion of the court in Painter, 70 Ohio St.3d at 384, 639 N.E.2d at 57, fn. 8, and applied the analysis of Villanova Law Professor H. Perritt, who set forth the elements of a wrongful discharge claim in violation of public policy. The elements of the tort do not include a requirement that there be a complaint to a specific entity, only that the discharge by the employer be related to the public policy. H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-399.

**{¶ 15}** Based upon the foregoing, a common-law cause of action against an employer who discharges an employee in violation of public policy favoring workplace safety is subject to the four-year limitations period set forth in R.C. 2305.09(D). Therefore, the judgment of the court of appeals is reversed, and this cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed*

*and cause remanded.*

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., concur in judgment only.

LUNDBERG STRATTON, J., dissents.

———————————

**COOK, J., concurring in judgment only.**

**{¶ 16}** Today's majority correctly frames the sole issue this case presents as "whether the court of appeals erred in applying the one-hundred-eighty-day limitations period set forth in R.C. 4113.52 to Pytlinski's common-law claim for wrongful discharge in violation of public policy." I agree with the majority's determination that R.C. 2305.09(D)'s four-year statute of limitations applies, but I disagree with the majority's analysis.

I

**{¶ 17}** In *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308, a majority of this court decided that "[a]n at-will employee who is discharged or disciplined in violation of the public policy embodied in R.C. 4113.52 may maintain a common-law cause of action against the employer." *Id.*, paragraph three of the syllabus. I dissented on that point, in part because neither Kulch nor the *Kulch* majority had "demonstrated legislative intent sufficient to overcome the presumption that R.C. 4113.52(E) is intended to provide a whistleblower with an

6

*exclusive* remedy for violations of that section." (Emphasis added.) *Kulch*, 78 Ohio St.3d at 169, 677 N.E.2d at 333 (Cook, J., dissenting).

{¶ 18} If the issue of whether a common-law whistleblower cause of action exists were before this court for the first time today, I would decide this case in accordance with my dissenting view in *Kulch.* But in deference to the doctrine of *stare decisis*, I begin my analysis of today's case recognizing the holding of *Kulch* that a *limited* common-law whistleblower cause of action exists based on the public policy evinced by R.C. 4113.52.

II

{¶ 19} Given the existence of such a cause of action, I find that *Kulch* dictates the result reached by today's majority. I take issue, however, with the majority's reasoning here that recasts *Kulch* to depart from the actual holding of that case.

{¶ 20} The majority characterizes the rationale in *Kulch* as follows:

" '[A]n at-will employee who is discharged or disciplined for filing a complaint with OSHA concerning matters of health and safety in the workplace is entitled to maintain a common-law tort action against the employer for wrongful discharge/discipline in violation of public policy pursuant to *Greeley*, 49 Ohio St.3d 228, 551 N.E.2d 981, and its progeny. Thus, appellant is entitled to maintain a *Greeley* claim against appellees *whether or not he complied with the dictates of R.C. 4113.52* in reporting his employer to OSHA.' (Emphasis added.) [*Kulch*], 78 Ohio St.3d at 162, 677 N.E.2d at 328-329."

{¶ 21} Based on this language, and without mentioning that other portions of the *Kulch* opinion state that the appellant had complied with R.C. 4113.52(A)(2) by reporting his employer to OSHA, today's majority concludes:

"We find the holding in *Kulch* controlling in this case. Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted. Therefore,

Pytlinski is not bound by the statute of limitations set forth in R.C. 4113.52 *because his cause of action is not based upon that statute*, but is, instead, based in common law for violation of public policy."  (Emphasis added.)

**{¶ 22}** Today's majority thus asserts, as Pytlinski urges, that *Kulch* recognizes a common-law cause of action based on a general public policy and *not* based on satisfaction of requirements embodied in R.C. 4113.52.  But this is not what a majority of this court held in *Kulch*.  *Kulch* was a plurality opinion, and that portion of *Kulch* that the majority cites as supporting the proposition that the elements of a *Kulch* common-law cause of action based on wrongful discharge in violation of public policy "do not include a requirement that there be a complaint to a specific entity, only that the discharge by the employer be related to the public policy" garnered only three votes.  See *Kulch*, 78 Ohio St.3d at 163-164, 677 N.E.2d at 329-330 (Pfeifer, J., concurring in syllabus and judgment only).  Because a majority of this court did not join the non-syllabus language on which today's majority relies to make its blanket assertion, *this language is not the law*.

**{¶ 23}** Instead, the *only* parts of *Kulch* that garnered the support of four members of this court were the five *syllabus* paragraphs and the judgment.  I therefore confine my decisionmaking to the law set forth by a majority of this court and not to the dicta of three justices.

**{¶ 24}** I find that *Kulch*'s third syllabus paragraph disposes of the issue before us:

"An at-will employee who is discharged or disciplined in violation of the public policy embodied in R.C. 4113.52 may maintain a common-law cause of action against the employer pursuant to [*Greeley*] and its progeny, so long as that employee had fully complied with the statute and was subsequently discharged or disciplined."

**{¶ 25}** The conjunctive phrasing and tense of this syllabus language suggest a progressive, two-pronged scheme: (1) the employee must have satisfied all

applicable statutory requirements ("employee *had* fully complied with the statute"); *then* (2) the employer had to discharge or discipline the employee (the employee "was *subsequently* discharged or disciplined"). (Emphasis added.) *Id*., paragraph three of the syllabus. I reach this conclusion because the *Kulch* majority's use of the word "subsequently" signals that the common-law cause of action exists only after adverse action *followed* full compliance.

{¶ 26} R.C. 4113.52(A) and (C) set forth what the employee must do to fully comply with the statutory requirements. Thus, contrary to the majority's assertion, the elements of a common-law cause of action based on R.C. 4113.52 *do* include "a requirement that there be a complaint to a specific entity." See R.C. 4113.52(A)(1) through (3) (mandating reporting to various entities ranging from an employee's supervisor to appropriate public officials or agencies based on the type of violation). Before reporting information to an entity under R.C. 4113.52(A)(1) or (2), the employee must make "a reasonable and good faith effort to determine the accuracy" of the reported information. R.C. 4113.52(C).

{¶ 27} R.C. 4113.52(B) in turn sets forth what constitutes disciplinary or retaliatory action by the employer. This conduct constitutes the second and final prong of the requirements of *Kulch*'s third syllabus paragraph.

{¶ 28} R.C. 4113.52(D)'s requirement that the employee bring his or her civil action "within one hundred eighty days after the date the disciplinary or retaliatory action was taken" does not figure into the ordered progression set forth in the *Kulch* syllabus. This is so because the *Kulch* requirements never reach R.C. 4113.52(D). The third syllabus paragraph of *Kulch* requires full compliance, *then* adverse action. But satisfaction of section (D) becomes *possible* only after adverse employment action.

{¶ 29} Thus, pursuant to *Kulch*, Ohio recognizes a common-law cause of action based on R.C. 4113.52. Because the R.C. 4113.52(D) one-hundred-and-

eighty-day statute of limitations is not an element of that cause of action, the R.C. 2305.09(D) four-year default statute of limitations applies.

{¶ 30} I therefore join today's majority only in its judgment that Pytlinski is not time-barred from asserting such a cause of action. In so doing, I do not opine on whether Pytlinski has asserted a valid claim (*i.e.*, whether he has fully complied with the applicable R.C. 4113.52[A] and [C] requirements and has suffered disciplinary or retaliatory action under R.C. 4113.52[B]). The merits of the claim are not before this court, only the grant of the Civ.R. 12(B)(6) motion to dismiss predicated upon a statute-of-limitations issue.

MOYER, C.J., concurs in the foregoing opinion.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 31} I agree with Justice Cook's concurrence in judgment only to the extent that she would decide the issue of the existence of a common-law whistleblower cause of action in accordance with her opinion concurring in part and dissenting in part in *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 164-171, 677 N.E.2d 308, 330-335. Like Justice Cook, I will defer to the doctrine of *stare decisis* and adhere to this court's syllabus law in *Kulch*. However, because I believe that the one-hundred-eighty-day limitation period set forth in R.C. 4113.52(D) applies, not a four-year statute of limitations, I respectfully dissent.

{¶ 32} I believe that *Kulch* applies here because the substance of the complaint alleges a claim for wrongful discharge in violation of the public policy underlying the Whistleblower Act, R.C. 4113.52. Although the plaintiff and a majority of this court characterize the cause of action as one based upon public policy favoring workplace safety, the fact is that regardless of how it is phrased, the essence of the claim is a *Greeley* cause of action based upon the public policy embodied in R.C. 4113.52. See *Greeley v. Miami Valley Maintenance Contrs., Inc.*

10

(1990), 49 Ohio St.3d 228, 551 N.E.2d 981.  Therefore, I believe that the result is dictated by *Kulch*.

{¶ 33} Paragraph three of the syllabus in *Kulch* states that "[a]n at-will employee who is discharged or disciplined in violation of the public policy embodied in R.C. 4113.52 may maintain a common-law cause of action against the employer pursuant to [*Greeley*]  and its progeny, so long as that employee had fully complied with the statute and was subsequently discharged or disciplined." Although the issue in *Kulch* involved statutory *reporting* requirements, not the *limitations* period, the court did not restrict the necessity of full compliance with the reporting mandates of the statute.

{¶ 34} Likewise, in *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, the court held that an employee must "strictly comply with the dictates of R.C. 4113.52" to claim the whistleblower protections embodied in the statute.  *Id.* at syllabus. Therefore, the logical conclusion is that "strict" or "full" compliance means compliance with the *entire* statute.  This would include section (D) of R.C. 4113.52, requiring an employee who is seeking whistleblower protection to bring a civil action "within one hundred eighty days after the date the disciplinary or retaliatory action was taken."  If the employee fails to file within that period, the cause of action fails as a matter of law and he or she is not afforded the protections of the statute.  Consequently, in order to have a cause of action asserting whistleblower protection, one must adhere to the filing requirement of the statute as well as the reporting mandates.

{¶ 35} Because I believe that the one-hundred-eighty-day limitations period in R.C. 4113.52(D) should apply, I respectfully dissent.

————————————

*Mark J. Byrne,* for appellant.

*Dinsmore & Shohl*, *L.L.P.*, and *Jerry S. Sallee*, for appellees.

————————————