DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant, William N. Keisler, appeals the November 30, 2004 judgment of the Ottawa County Court of Common Pleas which, pursuant to Civ.R. 12(B)(6), dismissed his complaint against defendant-appellee, FirstEnergy Corp. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On August 29, 2003, appellant filed a six-count complaint against appellee, FirstEnergy Corp., alleging breach of contract, breach of contract and wrongful termination in violation of public policy, a whistleblower claim under R.C. 4112.52 and 42 U.S.C. 5851, intentional infliction of emotional distress, fraudulent misrepresentation, and negligence.
 {¶ 3} In his complaint, appellant alleged that in early 1986, appellee contacted him and requested that he provide expert services to assist appellee in its maintenance and engineering department at the Davis-Besse Nuclear Power Station ("Davis-Besse") located in Ottawa County, Ohio. Appellant entered into a written contract with appellee to provide technical assistance in upgrading the "safety-related equipment preventative maintenance program" at Davis-Besse; this included a comprehensive review of safety components tailored to Davis-Besse's performance history. Appellant commenced his employment on March 17, 1986.
 {¶ 4} During the summer of 1986, appellant was assigned the additional job duties of project manager for the Reactor Coolant Pump's disassembly, inspection, and shaft replacement. Thereafter, appellant's contract was extended for the 1987 and 1988 fiscal years and he was assigned duties under the Preventative Maintenance ("PM") Program Manager. Part of those duties was to assist in the preparation of the 1986 and 1987 PM Program Assessment Reports. The 1987 report, issued on June 20, 1988, was critical of the Davis-Besse PM Program. According to appellant, appellee was displeased with the report and requested that its contents be altered and that certain information be suppressed. Appellant, due to his duty to report all quality deficiencies pertaining to nuclear safety issues, refused to alter the report. On or about September 8, 1988, appellant's contract was terminated prior to its expiration.
 {¶ 5} On September 24, 2003, appellee filed a Civ.R. 12(B)(6) motion to dismiss appellant's complaint. In its motion, appellee argued that the trial court lacked subject matter jurisdiction over appellant's breach of contract claim as nuclear safety issues are within the exclusive jurisdiction of the Nuclear Regulatory Commission ("NRC"). Appellee further argued that appellant's remaining claims were barred by the applicable statutes of limitations.
 {¶ 6} In his October 8, 2003 memorandum in opposition, appellant argued that the language in the contract between appellant and appellee clearly stated that Ohio law applied to disputes arising thereunder. Further, appellant argued that federal law, particularly the Title 10 of the Code of Federal Regulations, did not confer exclusive jurisdiction of nuclear matters to any specific court or tribunal. With regard to appellant's other claims, appellant argued that 10 C.F.R. does not establish a time limitation for raising such claims. Appellant also relied on his continuing notifications, through 2003, to appellee and the NRC regarding his concerns at Davis-Besse.
 {¶ 7} On November 30, 2004, the trial court granted appellee's motion to dismiss. Appellant filed a timely notice of appeal and raises the following assignments of error for our review:
 {¶ 8} "I. The trial court erred in dismissing Count I of plaintiff-appellant's complaint because Count I states a cause of action for which relief may be granted.
 {¶ 9} "II. The trial court erred in dismissing Counts II, III, IV, V, and VI of plaintiff's complaint on the basis that the applicable statute of limitations had lapsed.
 {¶ 10} "III. The trial court's dismissal of all counts of plaintiff-appellant's complaint denied him due process of law."
 {¶ 11} At the outset we note that the standard of review for dismissals granted pursuant to Civ.R. 12(B)(6) is de novo. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548. Under Civ.R. 12(B)(6), failure to state a claim, the court must determine whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Guessv. Wilkinson (1997), 123 Ohio App.3d 430, 434.
 {¶ 12} In appellant's first assignment of error, he contends that the trial court erroneously dismissed his first claim for relief, breach of contract. Appellant contends that the trial court too narrowly interpreted the claim as requesting only that appellee be ordered to specifically perform the safety-related equipment inspections; the court then determined that the claim was preempted by federal law.
 {¶ 13} With regard to appellant's request for specific performance of safety-related inspections, we agree that federal nuclear regulatory law preempts it. In Pacific Gas and Elec. Co.v. State Energy Resources Conservation Dev. Comm. (1983),461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752, the Supreme Court of the United States held that "Congress, in passing the 1954 [Atomic Energy] Act and in subsequently amending it, intended that the federal government should regulate the radiological safety aspects involved in the construction and operation of a nuclear plant, * * *." Id. at 205. However, we do acknowledge that state tort remedies are available unless expressly supplanted or an irreconcilable conflict exists which would frustrate the objectives of the federal law. Silkwood v.Kerr-McGee Corp. (1984), 464 U.S. 238, 255, 104 S.Ct. 615, 625,78 L.Ed.2d 443.
 {¶ 14} In this case, after a careful reading, and re-reading, of appellant's breach of contract claim, we must agree that the claim is inextricably entwined with safety matters which are controlled by the NRC. In addition to requesting that the court order appellee to perform safety-related equipment inspections, appellant further stated that "Defendant's defaults in breach of contract with the Plaintiff are reactor and public safety issues." Accordingly, we find that the trial court did not err when it dismissed appellant's breach of contract claim. Appellant's first assignment of error is not well-taken.
 {¶ 15} Appellant's second assignment of error challenges the trial court's determination that appellant's remaining causes of action were insufficiently pled and were barred by the applicable state statutes of limitations. We will consider each claim in the order presented in appellant's complaint and in his appellate brief.
 {¶ 16} Appellant first argues, with regard to the second count in his complaint, that the trial court erroneously concluded that his wrongful discharge in violation of public policy claim was time-barred and, regardless, that appellant's employment status did not fall under the employment-at-will doctrine or its public policy exception. Appellant further contends that the court's basis for such findings, that the claim was not preempted by federal law, was not elaborated upon and that such a decision required examination of information beyond the pleadings and, thus, exceeded the scope of Civ.R. 12(B)(6) review.
 {¶ 17} We agree with appellee that appellant's claim, by its very nature, rests within state public policy law. Retaliation against an employee who reports safety concerns to the NRC against an employer is clearly violative of Ohio's public policy.Doody v. Centerior Energy Corp. (2000), 137 Ohio App.3d 673,680-681; see, generally, Greeley v. Miami Valley MaintenanceContrs., Inc. (1990), 49 Ohio St.3d 228.[1] A wrongful discharge in violation of public policy claim is subject to a four-year limitations period under R.C. 2305.09(D). Pytlinski v.Brocar Prod., Inc., 94 Ohio St.3d 77, 2002-Ohio-66, paragraph two of the syllabus. Appellant was terminated in 1988 and filed his wrongful discharge claim in 2003; thus, the claim is time-barred.
 {¶ 18} Because we find that the trial court properly determined that federal law did not preempt the wrongful discharge claim and that, in any event, the claim was time-barred we need not address whether appellant was an at-will employee capable of asserting such a claim.
 {¶ 19} Appellant next argues, as to Count 3 in his complaint, that the court improperly dismissed his federal and state whistleblower claims. As to his federal whistleblower claim, appellant contends that the trial court erroneously determined that Section 5851, Title 42, U.S. Code[2] provides an exclusive remedy and that appellant could not maintain a civil action. In Norman v. Niagara Mohawk Power Corp. (C.A.2 1989),873 F.2d 634, the court, following the Fifth and Tenth Circuits, held that the administrative remedy provided in Section 5851 of the Energy Reorganization Act is exclusive in matters involving employment discrimination. Id. at 637, citing Willy v. CoastalCorp. (C.A.5 1988), 855 F.2d 1160, 1169, and Kansas Gas andElec. Co. v. Brock (C.A.10 1985), 780 F.2d 1505, 1508. Accordingly we find that the federal remedy rests exclusively with the administrative procedures in Section 5851, Title 42, U.S. Code, which provides for a 180-day statute of limitations.
 {¶ 20} Interpreting the state whistleblower statute, R.C. 4113, 52,[3] the Ohio Supreme Court has held that in order to be afforded "whistleblower" protection, an employee must strictly comply with the requirements set forth in R.C. 4113.52.Contreras v. Ferro Corp. (1995), 73 Ohio St.3d 244, syllabus. "Failure to do so prevents the employee from claiming the protections embodied in the statute." Id.
 {¶ 21} In this case appellant clearly failed to commence a civil action under R.C. 4113.52 within 180 days of his discharge; accordingly, the trial court did not err in dismissing the whistleblower claim as it is time-barred.
 {¶ 22} Appellant's fourth claim, intentional infliction of emotion distress, was also dismissed by the trial court a being barred by the applicable statue of limitations. Appellant argues that the trial court erroneously failed to consider his continuing efforts, through May 2003, to notify appellee of the "known deficiencies." In appellant's complaint, he specifically avers that the "wrongful termination of his employment contract ha[d] caused him anxiety, humiliation, embarrassment and severe emotional distress."
 {¶ 23} The tort of intentional infliction of emotional distress is governed by the four-year statute of limitations period set forth in R.C. 2305.09. Costell v. The Toledo Hosp.
(Mar. 6, 1992), 6th Dist. No. L-91-072, citing Yeager v. Loc.Union 20 (1983), 6 Ohio St.3d 369, 375. Appellant has failed to demonstrate that an alternate date, other than the date of his 1988 discharge, should be used in determining the limitations period for this claim. Accordingly, we find that the trial court did not err in dismissing appellant's claim for intentional infliction of emotional distress.
 {¶ 24} Appellant's fifth claim for relief, fraudulent misrepresentation, was also dismissed by the trial court which found that appellant failed to plead fraud with particularity and, regardless, that the claim was time-barred. Appellant now argues that the trial court failed to consider the complaint, as a whole, when it determined that appellant's complaint was insufficient. Appellant further contends that appellee's pattern of wrongful behavior continued up until the filing of the complaint.
 {¶ 25} The statute of limitations governing claims of fraud is contained in R.C. 2305.09 which provides, in relevant part: "An action for any of the following causes shall be brought within four years after the cause thereof accrued: * * * (C) For relief on the ground of fraud; * * * [I]f it is for fraud, [the cause of action shall not accrue] until the fraud is discovered."
In this case, the parties do not dispute that appellant's fraudulent misrepresentation claim is governed by the four-year statute of limitations for fraud. However, the parties differ as to when the limitations period began to run.
 {¶ 26} As clearly set forth in R.C. 2305.09, and consistently held in Ohio courts, "the four-year limitations period does not commence to run on claims presented in fraud or conversion until the complainants have discovered, or should have discovered, the claimed matters." Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, paragraph two of the syllabus. Throughout appellant's complaint, and specifically included in paragraphs 136 and 137 of his fraudulent misrepresentation claim, appellant contends the termination of his employment contract for his alleged failure to alter the 1987 PM Program Assessment Report or suppress certain information was the "action" that proximately resulted in appellant's alleged damages. Accordingly, we find that on September 8, 1988, the date of appellant's termination, he knew or should have known of the alleged fraud. The subsequent actions taken by appellant stemmed from this initial act; thus, the trial court properly dismissed appellant's claim for fraudulent misrepresentation. Because we find that the trial court properly determined that appellant's fraudulent misrepresentation claim was time-barred, we will not discuss the sufficiency of appellant's claim.
 {¶ 27} Appellant's sixth claim for relief alleged negligent hiring, training, retention, and supervision of appellee's staff and supervisors. Negligent hiring, training, and supervision claims are subject to the two-year statutory limit of R.C.2305.10. See Long v. Kettering Med. Ctr., 2d Dist. No. 19360, 2003-Ohio-3973; Bullard v. City of Warren (Dec. 22, 2000), 11th Dist. No. 99-T-0171. Generally, the limitations period begins to run from the date the individual knew or should have known of the injury. O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84.
 {¶ 28} Here, appellant's complaint specifically alleges that, "while [appellant] was a contract employee at the Davis-Besse Nuclear Power Station, appellee maintained a staff and supervisors and managers which were negligently trained, retained, [and] supervised * * *." Thus, the alleged negligence was discovered while appellant was working at Davis-Besse or, at the latest, when appellant's contract was terminated in 1988. Accordingly, the trial court did not err when it determined that the negligence claim was barred by statute of limitations.
 {¶ 29} Based on the foregoing, we find that the trial court did not err in dismissing Counts 2 through 6 of appellant's complaint. Appellant's second assignment of error is not well-taken.
 {¶ 30} In appellant's third assignment of error, he contends that the trial court's dismissal of his complaint denied him due process of law. Specifically, appellant contends that the court's 14-month delay in ruling on the motion to dismiss and its failure to rule on certain motions was improper. We disagree. The trial court used, in response to appellee's motion, a proper vehicle to dispose of claims that are insufficient as a matter of law. Further, if the court determined that appellant's complaint failed to state a claim for relief, the pending motions would be rendered moot. Appellant's third assignment of error is not well-taken.
 {¶ 31} On consideration whereof, we find that substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.
[1] Appellee interestingly points to the fact that appellant was discharged in 1988, prior to the Ohio Supreme Court'sGreeley decision.
[2] Section 5851(b), Title 42, U.S. Code provides the administrative procedure for maintaining a whistleblower claim against an employer regulated by the NRC. This includes the requirement that he employee first file a complaint with the Secretary of Labor within 180 days of the alleged violation.
[3] Regarding appellant's state whistleblower claim, R.C.4113.52 provides, in part:
"* * *.
"[A](2) If an employee becomes aware in the course of the employee's employment of a violation of chapter 3704., 3734., 6109., 6111. of the Revised Code that is a criminal offense, the employee directly may notify, either orally or in writing, any appropriate public official or agency that has regulatory authority over the employer and the industry, trade, or business in which the employer is engaged.
"* * *.
"(B) Except as otherwise provided in division (C) of his section, no employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(1) or (2) of this section, or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under either such division. No employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(3) of this section if the employee made a reasonable and good faith effort to determine the accuracy of any information so reported, or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under that division. For purposes of this division, disciplinary or retaliatory action by the employer includes, without limitation, doing any of the following:
(1) Removing or suspending the employee from employment;
"* * *
"(D) If an employer takes any disciplinary or retaliatory action against an employee as a result of the employee's having filed a report under division (A) of this section, the employee may bring a civil action for appropriate injunctive relief or for the remedies set forth in division (E) of this section, or both, within one hundred eighty days after the date the disciplinary or retaliatory action was taken, in a court of common pleas in accordance with the Rules of Civil Procedure. * * *."