OPINION
{¶ 1} Plaintiff-appellant Marlene Leininger appeals from the October 17, 2005, Amended Opinion and Judgment Entry of the Ashland County Court of Common Pleas granting the Motion for Summary Judgment filed by Defendants-appellees Pioneer National Latex, et al.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Marlene Leininger, who is in her sixties, was employed by appellee Pioneer National Latex as a human resources administrator. On May 25, 2001, appellant was terminated from her employment.
 {¶ 3} Thereafter, on April 29, 2005, appellant filed a complaint against appellee Pioneer National Latex, its plant manager and another employee in the Ashland County Court of Common Pleas. Appellant, in her complaint, set forth a claim of wrongful termination in violation of public policy based on age discrimination. Appellant alleged that "the public policy underpinning the Plaintiff's case is found in R.C. Section 4112.01(A)."
 {¶ 4} Subsequently, appellees filed a Motion for Summary Judgment. Pursuant to an Opinion and Judgment Entry filed on October 14, 2005, the trial court granted appellees' Motion for Summary Judgment, holding that a cause of action for wrongful discharge in violation of public policy based upon age discrimination does not exist under Ohio law. An Amended Opinion and Judgment Entry was filed on October 17, 2005, "to correct certain erroneous findings made by the Court in the original entry regarding prior summary judgment proceedings by the Court in Case No. 04-CIV-075."[1]
 {¶ 5} Appellant now raises the following assignments of error on appeal:
 {¶ 6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND COMMITTED REVERSIBLE ERROR BY FINDING THAT AS A MATTER OF LAW A CAUSE OF ACTION FOR THE TORT OF WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY BASED UPON AGE DISCRIMINATION DOES NOT EXIST UNDER OHIO LAW."
 {¶ 7} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND COMMITTED REVERSIBLE ERROR BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 8} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ.R. 56(C), which provides the following: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. "[B]are allegations by the moving party are simply not enough." Vahila v. Hall,77 Ohio St.3d 421, 430, 674 N.E.2d 1164, 1997-Ohio-259. The moving party must specifically point to some evidence that demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Id. at 429, citingDresher v. Burt, 75 Ohio St.3d 280, 662 N.E.2d 264,1996-Ohio-107
 {¶ 10} Furthermore, trial courts should award summary judgment with caution. "Doubts must be resolved in favor of the non-moving party." Murphy v. Reynoldsburg, 65 Ohio St.3d 356,359, 604 N.E.2d 138, 1992-Ohio-95.
 {¶ 11} It is pursuant to this standard that we review appellant's assignments of error.
 I {¶ 12} Appellant, in her two assignments of error, argues that the trial court erred in holding that a cause of action for the tort of wrongful discharge in violation of Ohio public policy based upon age discrimination does not exist under Ohio law and, on such basis, granting summary judgment to appellees.[2]
We agree.
 {¶ 13} Pursuant to Greeley v. Miami Valley MaintenanceContractors, Inc. (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, a discharged employee has a private cause of action sounding in tort for wrongful discharge where his or her discharge is in contravention of a "sufficiently clear public policy." Id. at 233 (Citation omitted). In Greeley, the Ohio Supreme Court recognized public policy was "sufficiently clear" where the General Assembly had adopted a specific statute forbidding an employer from discharging or disciplining an employee on the basis of a particular circumstance or occurrence.
 {¶ 14} In order to establish a claim for wrongful termination in violation of Ohio public policy, a plaintiff must demonstrate:
 {¶ 15} "1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
 {¶ 16} "2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
 {¶ 17} "3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
 {¶ 18} "4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element)." Painter v. Graley, 70 Ohio St.3d 377, 639 N.E.2d 51,1994-Ohio-334 at fn. 8.
 {¶ 19} The clarity and the jeopardy elements are questions of law and policy to be determined by the court. Kulch v.Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 151,677 N.E.2d 308, citing Collins v. Rizkana (1995), 73 Ohio St.3d 65,70, 652 N.E.2d 653. The causation and overriding justification elements are questions of fact to be determined by the trier of fact. Id.
 {¶ 20} The Ohio Supreme Court has addressed the issue of whether an appellant can bring a claim for wrongful discharge in violation of Ohio public policy based on age discrimination.
 {¶ 21} In Livingston v. Hillside Rehabilitation (Jan. 24, 1997), Trumbull App. No. 95-T-5360, 1997 WL 51413, the appellant filed a complaint against her former employer alleging that she had been terminated in violation of what is now R.C.4112.14[3] on the basis of her age. Based upon an alleged violation of the same statute, the appellant also brought a common law wrongful discharge tort claim under Greeley, supra. After the trial court dismissed the appellant's public policy claim on the basis that her statutory claim provided her with an adequate remedy, the appellant appealed.
 {¶ 22} On appeal, the Eleventh District Court of Appeals affirmed the judgment of the trial court, holding that "as appellant has effective and adequate statutory remedies available to her, appellant cannot avail herself to a common law tort action." Id. at 2. The appellant, in Livingston, then appealed to the Ohio Supreme Court. On the authority of Kulch v.Structural Fiber (1997), 78 Ohio St.3d 1324, 677 N.E.2d 308, the Ohio Supreme Court reversed without opinion the judgment of the court of appeals in Livingston and remanded the matter to the trial court. See Livingston v. Hillside Rehabilitation Hosp.,79 Ohio St.3d 249, 680 N.E.2d 1220, 1997-Ohio-155. In Kulch,
the Ohio Supreme Court held "R.C. 4113.52 [Ohio Whistleblower's statute] does not preempt a common-law cause of action against an employer who discharges or disciplines an employee in violation of that statute" and "an at-will employee who is discharged or disciplined in violation of R.C. 4113.52 may maintain a statutory cause of action for the violation, a common-law cause of action at tort, or both'. Id at paragraphs 2 and 5 of the syllabus.
 {¶ 23} The Livingston case has been interpreted as permitting claims for wrongful discharge in violation of public policy based on age discrimination. See, for example, Jones v.Goodyear Tire Rubber Co., Summit App. No. 21724,2004-Ohio-2821, 2004 WL 1197209; Ferraro v. B.F. Goodrich Co.,149 Ohio App.3d 301, 777 N.E.2d 282, 2002-Ohio-4398; and Zieglerv. IBP Hog Market, Inc. (C.A.6, 2001), 249 F.3d 509, 519, fn. 10. See also Mercurio v. Honeywell (S.D. Ohio, March 5, 2003), 2003 WL 966287.
 {¶ 24} We are cognizant of the fact that the Ohio Supreme Court, in Wiles v. Medina Auto Parts, 96 Ohio St. 3d 240,773 N.E.2d 526, 2002-Ohio-3994, held that an employee could not bring a common law action for wrongful discharge in violation of public policy upon his employer's violation of the Family and Medical Leave Act (FMLA).[4] The Ohio Supreme Court, in so holding, held, in part, as follows:
 {¶ 25} "[W]e next turn to the jeopardy element to determine whether an employer's dismissal of an employee under the circumstances alleged by Wiles would jeopardize the public policy set forth in the FMLA. In other words, we must assess whether the absence of a cognizable Greeley claim based solely on a violation of the FMLA would seriously compromise the Act's statutory objectives by deterring eligible employees from exercising their substantive leave rights. See Kulch v.Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 154,677 N.E.2d 308; see, also, 2 Perritt at 42-43, Section 7.17. It is here that Wiles's claim fails.
 {¶ 26} "An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful-discharge claim. Id. at 44, Section 7.17. Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, "the issue of adequacy of remedies" becomes a particularly important component of the jeopardy analysis. See Collins, 73 Ohio St.3d at 73, 652 N.E.2d 653. "If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy." 2 Perritt at 71, Section 7.26. Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests." Wiles, supra. at paragraphs 14-15.
 {¶ 27} However, the Wiles decision was a plurality (4-to-3) decision rather than a clear majority opinion and concerned the FMLA.[5] Moreover, the Ohio Supreme Court, in Wiles, did not expressly overrule Livington, supra. Furthermore, the Ohio Supreme Court has yet to apply its reasoning in Wiles to wrongful discharge claims based on R.C. Chapter 4112.
 {¶ 28} Based on the foregoing, we find that the trial court erred in holding that a cause of action for wrongful discharge in violation of public policy based upon age discrimination does not exist under Ohio law.
 {¶ 29} Appellees, in their brief, contend that appellant's public policy claim was properly dismissed because she did not meet the procedural requirements for filing an age discrimination claim pursuant to R.C. 4112.02(A). Appellees note that appellant's claim is premised upon the prohibition against age discrimination contained in such statute and note that "[i]t is undisputed that such age discrimination claims must be commenced within 180 days of the adverse employment action."
 {¶ 30} In Pytlinski v. Brocar Products, 94 Ohio St. 3d 77,760 N.E.2d 385, 2002-Ohio-66, an employee filed a complaint against his employer alleging that he was terminated in violation of the Ohio public policy favoring workplace safety. The appellees sought dismissal of the employee's complaint on the basis that it was barred by the one-hundred-eighty (180) day limitations period set forth in R.C. 4113.52, the Ohio Whistleblower Act. After the trial court granted the motion to dismiss, the employee appealed.
 {¶ 31} On appeal, the appellees argued that the Ohio Supreme Court should apply the holding of Contreras v. Ferro Corp.
(1995), 73 Ohio St. 3d 244, 652 N.E.2d 940. In Contreras, the Ohio Supreme Court held as follows in the syllabus: "In order for an employee to be afforded protection as a `whistleblower,' such employee must strictly comply with the dictates of R.C. 4113.52." The appellees noted that the employee did not comply with the one-hundred-eighty (180) day limitations period in R.C. 4113.52.
 {¶ 32} However, the Ohio Supreme Court, in Pytlinski, held, in relevant part, as follows: "Subsequent to our decision inContreras, we held that an at-will employee who is discharged for filing a complaint with OSHA alleging concerns with workplace safety is entitled to maintain a common-law tort action based upon Greeley. Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 677 N.E.2d 308, paragraph one of the syllabus. InKulch, the plaintiff was discharged after he filed complaints with OSHA regarding health problems that he and other employees were experiencing in the workplace. After being discharged, the plaintiff brought suit against the employer, alleging both a whistleblower claim, pursuant to R.C. 4113.52, and a claim for wrongful discharge in violation of public policy. . . .
 {¶ 33} "We find the holding in Kulch controlling in this case. Ohio public policy favoring workplace safety is anindependent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted. (Emphasis added). Therefore, Pytlinski is not bound by the statute of limitations set forth in R.C. 4113.52 because his cause of action is not based upon that statute, but is, instead, based in common law for violation of public policy." Id at 79-80. On such basis, the Ohio Supreme Court, in Pytlinski, held that the one-hundred-eighty-day limitations period set forth in R.C.4113.52 did not apply.
 {¶ 34} Likewise, in the case sub judice, appellant's cause of action is not based upon a statute, but rather is based in common law. Appellant, therefore, was not required to comply with the one-hundred-eighty day statute of limitations in R.C. 4112.02(A).
 {¶ 35} For the foregoing reasons, appellant's two assignments of error are sustained.
 {¶ 36} Accordingly, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
Edwards, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellant.
[1] The case was a refiled case. The previous case no. was 04-CIV-075.
[2] Appellant, in her brief, notes that the trial court "specifically declined to address the factual merits of this case and as such, the factual merits and whether or not there is a disputed question of fact for trial under Civil Rule 56(C) are not dispositive of this appeal." For such reason, we decline to address whether or not there are genuine issues of material fact even though such issue was raised in appellees' motion for summary judgment. Furthermore, where a trial court declines to consider one argument raised in a motion for summary judgment on the basis of a second argument, the first argument is not properly before the court of appeals. See Murray v. GrangeMutual Cas. Co., Stark App. No. 2003CA0047, 2003-Ohio-3365.
[3] R.C. 4112.14 is former R.C. 4101.17.
[4] Section 2601 et seq., Title 29, U.S.Code.
[5] In Wiles, Judge Pfeifer concurred in judgment only.